# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2086

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Marcus Dewayne Harris, | * | Western District of Missouri. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: March 31, 2008
Filed: April 3, 2008

_____

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Marcus Dewayne Harris appeals the 262-month sentence the district court[1] imposed after he pleaded guilty to possessing with intent to distribute 5 grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that Harris's sentence is unreasonable.

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

We conclude that Harris's within-Guidelines-range sentence is not unreasonable, because nothing in the record indicates the court overlooked a relevant factor, gave significant weight to an improper factor, or made a clear error of judgment in weighing appropriate factors. See United States v. Denton, 434 F.3d 1104, 1113 (8th Cir. 2006); United States v. Haack, 403 F.3d 997, 1003-04 (8th Cir. 2005). Counsel argues that Harris's sentence is unreasonable because the increase in his statutory maximum sentence, pursuant to the government's 21 U.S.C. § 851 information, unfairly bumped up Harris's Guidelines career-offender imprisonment range. This argument is unavailing: the district court heard this argument at sentencing and declined to vary from the Guidelines range on this basis, and relevant Guidelines commentary specifically authorizes such an increase in calculating the career-offender offense level. See U.S.S.G. § 4B1.1, comment. (n.2).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel leave to withdraw, and we affirm the district court's judgment.

_____